USCA1 Opinion

 

 United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 93-1410 THOMAS WELSH, Plaintiff, Appellant, v. EDWARD J. DERWINSKI, SECRETARY OF VETERANS AFFAIRS, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Stahl, Circuit Judge, _____________ Aldrich and Campbell, Senior Circuit Judges. _____________________ ____________________ Ernest C. Hadley for appellant. ________________ Roberta T. Brown, Assistant United States Attorney, with whom A. _________________ __ John Pappalardo, United States Attorney, was on brief for appellee. _______________ ____________________ January 18, 1994 ____________________ Per Curiam. In this appeal, plaintiff-appellant ____________ Thomas Welsh challenges the district court's determination that he had not suffered retaliation actionable under the Age Discrimination Employment Act ("ADEA"). We affirm. In 1987, plaintiff became coordinator of the Brockton-West Roxbury Veterans Administration Medical Center's ("VA Medical Center's") Key Club, an outpatient recreational therapy program. His job classification at that time was General Service ("GS") level 6. In February 1989, believing that he was performing duties above the level of GS-6, plaintiff sought an upgrade of his job classification by requesting a "desk audit."1 The audit was not performed until May 1989. Meanwhile, in March 1989, maintaining that he was being denied an upgrade because of age and disability discrimination2, plaintiff filed an informal complaint with the Equal Employment Opportunity Commission ("EEOC").3 ____________________ 1. In a desk audit, a Personnel Specialist interviews the employee and his/her supervisor and determines (1) whether the employee's job description accurately depicts the work performed by the employee, and (2) whether the job is classified at the proper GS level. 2. Plaintiff has a heart condition and is a recovering alcoholic. 3. The charges in plaintiff's informal complaint formed the basis for a formal EEOC complaint filed by plaintiff in June 1989, and for plaintiff's non-retaliation discrimination claims in the instant lawsuit. The district court granted defendant summary judgment on these claims in June 1991. Plaintiff does not appeal from this ruling. -2- 2 Plaintiff asserts that, as a result of his filing this complaint, he suffered the following forms of retaliation: (1) an unpleasant discussion with his supervisor regarding the filing of the complaint; (2) a reassignment from the Key Club position to a job working in an inpatient setting; (3) an unfounded accusation by his supervisor that he had misappropriated funds in connection with a Key Club Thanksgiving dinner; (4) a reprimand from his supervisor for a previously approved absence from an awards dinner; and (5) a reduction in duties prior to the desk audit, thus eliminating the potential of a status upgrade. These five incidents formed the basis for his retaliation claim. In addition to granting summary judgment on plaintiff's non-retaliation discrimination claims, see supra ___ _____ note 3, the district court also ruled, at the summary judgment stage, that the first four of the above-named incidents did not give rise to a retaliation claim under the ADEA. However, the court found that the issue of whether the reduction in plaintiff's duties prior to the desk audit violated the ADEA's retaliation provision, 29 U.S.C. 623(d),4 was triable. ____________________ 4. In pertinent part, 29 U.S.C. 623(d) provides: It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment . . . because such individual . . . has opposed any practice made unlawful by [the ADEA], or because such individual -3- 3 We consider only this last claim to be raised.5 Defendant Secretary argues that a reduction in duties could not be an "adverse employment action" giving rise to a claim under Section 623(d) under Connell v. Bank of Boston, 924 _______ _______________ F.2d 1169, 1179 (1st Cir.), cert. denied, 111 S. Ct. 2828 _____ ______ (1991). There, applying the rule that where there is no direct evidence of retaliation, a plaintiff must demonstrate, inter alia, that s/he suffered an "adverse employment action" _____ ____ in order to make out a prima facie showing of retaliation, we said, with respect to that phrase, "Most cases involving a retaliation claim are based on an employment action which has an adverse impact on the employee, i.e., discharge, demotion, or failure to promote." 924 F.2d at 1179. The Secretary points to the letters "i.e." and reads into them a ruling that only discharge, demotion, or failure to promote can constitute an adverse employment action within the Act. We do not agree. Concededly, not every unpleasant matter short of those listed in Connell, _______ ____________________ . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under [the ADEA]. 5. Plaintiff also generally contends, without explanation, that, "unlike the plaintiff in Connell," he was harmed by the _______ other alleged instances of retaliation cited above. We have repeatedly warned litigants that issues adverted to in a perfunctory manner and without developed argumentation are deemed waived on appeal. E.g., United States v. Innamorati, ____ _____________ __________ 996 F.2d 456, 468 (1st Cir. 1993). Here, plaintiff's attempts to distinguish Connell with regard to the other _______ alleged instances of discrimination are perfunctory. Accordingly, we regard them as waived. -4- 4 supra creates a cause of action, but many things, such as _____ constant rudeness, conspicuous discriminatory acts, etc., could have an adverse effect upon employment. Within reasonable limits, in order to arrive at a determination, a case by case review is necessary. With respect, we take the court's "i.e." as an inadvertency for "e.g.", or, at most, dictum far beyond the opinion that, after consideration, we feel we do not have to recognize. We say this fully realizing that, as newly constituted panels we are normally bound by prior panel decisions on point. E.g., Broderick v. ____ _________ Roache, 996 F.2d 1294, 1298 (1st Cir. 1993). Further support ______ for our reading of Connell, appears from that panel's _______ reference to "most cases" and to reliance upon precedent pointing to incidents beyond mere "discharge, demotion, or failure to promote." The fact, however, that the action taken in this case could survive a motion for summary judgment does not mean that the court could not thereafter weigh it. Plaintiff's complaint was that the reduction in his duties meant that he would not be eligible for an upgrade in his status. As to this claim, the court made a finding, not here challenged, that plaintiff would not have received such an upgrade in any event. On this basis the court's finding that plaintiff failed to make a prima facie showing of adverse employment action must stand. And, as we have made clear, plaintiff cannot make out a prima facie case of retaliation -5- 5 without showing such adverse action. See Connell, 924 F.2d ___ _______ at 1179. Accordingly, we affirm the court's entry of judgment against plaintiff on his retaliation claim.6 ____________________ 6. Because we affirm the court's ruling that plaintiff did not make out a prima facie case of retaliation, we need not reach plaintiff's challenge to the district court's alternative finding regarding pretext. -6- 6