62 F.3d 1415
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Betty Inez L. LEE, Plaintiff-Appellant,
v.
STATE BOARD for Community Colleges, Defendant-Appellee.
 No. 94-2614.
 United States Court of Appeals, Fourth Circuit.
 Aug. 4, 1995.
 
 Linda Marie Jackson, Charlson & Bredeshoft, P.C., with her on the brief, Bredhoft, Elaine, C. Bredhoft, Linda G. Hill, Reston, VA, for appellant.
 Guy Winston Horsley, Jr., Sr. Asst. Atty. Gen., Office of the Attorney General, with him on the brief, Jamses S. Gilmore, III, Atty. Gen., Catherine C. Hammon Deputy Atty. Gen., Neil A.G. McPhie, Sr. Asst. Atty. Gen., Richmond, VA, for appellee.
 OPINION
 HEANEY, Senior Circuit Judge:
 
 
 1
 Betty Inez L. Lee appeals the district court's decision granting summary judgment on behalf of the State Board for Community Colleges on her claims for constructive discharge, retaliation, and failure to promote in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Secs. 621-634, and her state law tort claims. We affirm.
 
 A. Constructive Discharge Claim
 
 2
 Lee asserts that she was constructively discharged by Northern Virginia Community College (NOVA). We review the district court's grant of summary judgment de novo. We therefore assume as true the facts as Lee alleged. EEOC v. Clay Printing Co., 955 F.2d 936 (4th Cir.1992). In reviewing the record in the light most favorable to Lee, we agree with the district court that Lee was not constructively discharged.
 
 
 3
 To establish constructive discharge, a plaintiff must show that the employer deliberately made an employee's working conditions intolerable and thereby forced her to quit her job. Bristow v. Daily Press, 770 F.2d 1251, 1255 (4th Cir.1985), cert. denied, 475 U.S. 1082 (1986). Problems and tensions are inadequate to sustain a claim of constructive discharge. A plaintiff must prove two elements: deliberateness of the employer's action and intolerability of the working conditions. Paroline v. Unisys Corp., 879 F.2d 100, 114 (4th Cir.1989) (citing Bristow, 770 F.2d at 1255), vacated in part, 900 F.2d 27 (1990). Intolerability of working conditions is assessed by an objective standard of whether a reasonable person in the employee's position would have felt compelled to resign. Bristow, 770 F.2d at 1255. Normal work problems do not create an intolerable workplace such that a reasonable employee would resign. Id.
 
 
 4
 Lee claims that she was the only employee to receive a six-month work evaluation. Although Lee received a good written evaluation from her supervisor, Kathleen Vessey, she was verbally criticized. In later evaluations, Vessey made several written criticisms of Lee's work. She also alleges that Vessey restricted her personal phone use, hassled her about leave time, and scrutinized her work. At this point, Lee's health began to suffer. She was diagnosed with hypertension, anxiety, and depression, most likely caused by stress. Lee's physician recommended that she not return to work, and Lee resigned in August 1993.
 
 
 5
 Lee's evidence falls short of fulfilling the two elements required to establish constructive discharge. The facts in this case do not show an intent by her supervisors to force Lee to quit or create an intolerable work situation.
 
 
 6
 First, there is no indication that Vessey intended to force Lee to resign. Lee claims that Vessey treated her differently from other employees. However, the record indicates that Lee was not the only employee under Vessey's supervision to receive a work evaluation. Furthermore, Lee was not the only employee to receive unfavorable remarks on an evaluation. Vessey's evaluation of another employee was critical. In addition, Vessey not only restricted Lee's personal phone calls, but also warned a co-worker to watch his personal phone calls.
 
 
 7
 Second, a reasonable person would not feel compelled to resign under the circumstances presented here. Lee's working conditions were not unreasonably harsh. It appears that Lee's resignation was prompted by a negative work evaluation. Another employee received a criticism on his evaluation and did not feel compelled to resign. An unfavorable work evaluation, although unpleasant, hardly creates such a harsh condition that a reasonable person would resign. Furthermore, disagreements with one's supervisor over phone use and leave time generally do not create an intolerable workplace. Accordingly, we find that Lee was not constructively discharged.
 
 B. Retaliation
 
 8
 Lee claims that NOVA retaliated against her because of age discrimination allegations she had made. In order to sustain a claim for retaliation, a plaintiff must establish: (1) the employee engaged in a protected activity; (2) the employer took adverse employment action against the employee; and (3) a causal connection existed between the protected activity and the adverse action. Ross v. Communications Satellite Corp., 759 F.2d 355 (4th Cir.1985). Lee asserts that NOVA's failure to promote her in 1992 and Vessey's hostile behavior toward her indicate retaliation.
 
 
 9
 In August 1991, Lee applied for a promotion to the position of fiscal technician. During the course of the application process, Lee complained to NOVA managers of age discrimination. Lee was in her late fifties at the time. She received the promotion. In January 1992, Lee applied for a senior fiscal technician position. NOVA stated that a candidate with a four-year degree, although not required, was preferred for the position. Lee does not have a degree and was not selected as one of the three finalists. Vessey, who possessed a degree, was hired for the position.
 
 
 10
 Lee claims that NOVA's failure to promote her to the senior fiscal technician position was in retaliation for her age discrimination allegations in 1991. NOVA presented evidence, however, that it preferred to fill the senior fiscal technician position with a person possessing a four-year degree. Lee did not have a four-year degree and was not a finalist in the selection process for that position. Vessey, on the other hand, had a four-year degree. There is no evidence that any reason other than Lee's lack of a four-year degree was a factor in denying her the senior fiscal technician position.
 
 
 11
 In addition to failure to promote, Lee claims that after Vessey learned of Lee's discrimination complaints, Vessey became hostile toward Lee. According to Lee, Vessey, in retaliation over Lee's earlier complaints, restricted Lee's personal phone use, harassed her over leave time, criticized her work in the presence of other employees, scrutinized her work, and gave her unwarranted poor work evaluations.
 
 
 12
 Although hostile employment conditions might constitute an "adverse employment action" so as to support a retaliation claim in a particular case, see Welsh v. Derwinski, 14 F.3d 85 (1st Cir.1994), the facts here do not rise to that level. Lee alleges that Vessey harassed her over leave requests, use of the telephone, and job performance. We do not find, in this particular case, that these occurrences constitute an adverse employment action.
 
 C. Failure to Promote
 
 13
 On appeal, Lee raised a separate issue of failure to promote. In her complaint, Lee addressed the promotion issue as factual background and not as a separate count. NOVA was not on notice that failure to promote was a separate claim, nor did the district court address it as such. Consequently, we need not address this issue.
 
 D. State Common Law Claims
 
 14
 In addition to Lee's claims under the ADEA, she alleges state common law claims for wrongful termination and intentional infliction of emotional distress. Under Virginia law, every claim against the Commonwealth of Virginia must be filed within one year with the Division of Risk Management or with the Attorney General. Va.Code Ann. Sec. 8.01-195.6 (Michie 1994). NOVA is a state entity and any claim against it is subject to the notification provisions required under the Virginia Code. Lee failed to file her notice of claim within the appropriate time period. Accordingly, summary judgment was proper.
 
 E. Conclusion
 
 15
 We affirm the district court's grant of summary judgment. No issues of material fact exist and NOVA is entitled to judgment as a matter of law.
 
 AFFIRMED