Michelle BRELAND–STARLING and Linda Prather, Plaintiffs,

v.

DISNEY PUBLISHING WORLDWIDE, et al., Defendants.

No. 98 Civ. 3076(JES).

United States District Court, S.D. New York.

Sept. 7, 2001.

Ronald L. Garnett, New York City, for plaintiff.

John D. Geelan, Neil Kaufman, of counsel, Kaye, Scholer, Fierman, Hays & Handler LLP, Kenneth E. Newman, of counsel, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff Michelle Breland–Starling ("Breland–Starling" or "plaintiff") brings this action against her employer, Disney Publishing Worldwide ("DPW"), and certain former and current DPW employees, alleging racial discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 1981, the New York State Human Rights Law, and the Administrative Code of the City of New York. Defendants now move for summary judgment against plaintiff pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants defendants' motion.

## BACKGROUND

Plaintiff Michelle Breland–Starling, an African–American, began working for DPW in June, 1994 as a temporary employee. *See* Amended Complaint dated August 16, 1999 ("Compl.") at ¶ 20. She was subsequently hired as a Royalty Coordinator and became a permanent employee of DPW in October 1995. *See id.* at ¶ 21. In August, 1996, DPW changed plaintiff's title to Royalty Administrator. *See* Affidavit of John D. Geelan dated December 19, 2000 ("Geelan Affidavit"), Exhibit ("Exh.") 6, Notification of Record Change dated August 22, 1996. This change did not result in a modification in her pay scale, but did change her labor grade level, thus giving her the opportunity to earn more money. *See* Deposition of Peter Della Penna dated July 27, 2000 ("Della Penna Depo.") at 103–04, 183.

In 1996, DPW moved all royalty processing for book publishing from its California office to its New York office. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Pl.Mem.") at 7. In December, 1996, the company transferred the book royalty processing computer system from Burbank California to DPW's New York office. *See* Deposition of Michelle Breland–Starling dated June 29, 2000, September 8, 2000 ("Breland–Starling Depo.") at 95. Plaintiff was primarily responsible for facilitating the move of the royalty processing department to the New York office. *See* Affirmation of Ronald L. Garnett dated March 7, 2001, Exh. E, Disney Consumer Products Performance Planning Appraisal for Michelle Breland–Starling for period from October 1996 to September 1997.

In February, 1997, DPW hired Lara Gruen, a Caucasian, as a Royalty Analyst to assist in the preparation of royalty statements. *See* Compl. at ¶ 36; Defendants' Local Rule 56.1 Statement at ¶ 31; Affidavit of Michelle Breland–Starling dated March 7, 2001 ("Breland–Starling Affidavit") at ¶ 22. DPW hired Ms. Gruen at the same labor level as plaintiff, yet her annual salary was $7,000 lower than plaintiff's. *See* Breland–Starling Depo. at 381, 385, 419. In March, 1997, DPW changed Ms. Gruen's title to Royalty Administrator but did not raise her level of compensation. *See id.* at 179–80, 404. During her employment, DPW never promoted Gruen and at all times she received a lower annual salary than plaintiff. *See* Della Penna Depo. at 209–10; Breland–Starling Depo. at 174.

In June or July, 1997, DPW hired Wendy Lehrfeld as Accounting Manager for Royalties and Inventory for DPW's New York office. *See* Compl. at ¶ 38; Affidavit of Wendy Lehrfeld dated December 8, 2000 ("Lehrfeld Affidavit") at ¶ 5. DPW

created this position when it transferred the Royalty Accounting function—and the balance of its publishing department—from California to New York. *See* Plaintiff's Rule 56.1 Statement ("Pl.56.1") at ¶ 36; Della Penna Depo. at 159. DPW determined that this new position should be filled by a person with formal accounting experience. *See* Deposition of Edward Zinser dated August 29, 2000 ("Zinser Depo.") at 244–45. Like the manager of the royalty function in California, Lehrfeld was a college graduate and a CPA with significant accounting experience. *See id.;* Lehrfeld Affidavit, Exh. A, Resume of Wendy Lehrfeld. Plaintiff completed two years of college but does not hold a college degree, is not a CPA, and has no formal accounting experience. *See* Breland–Starling Depo. at 28–36, 186–88. DPW did not post or list the newly created position before it hired Lehrfeld, and plaintiff did not apply for the position. *See* Breland–Starling Affidavit at ¶ 28. DPW claims it did not consider plaintiff for this new position due to her lack of accounting experience. *See* Zinser Depo. at 244.

Plaintiff asserts that she "always told her superiors" that she wished to be promoted to a supervisory position within the royalty department. *See* Pl. 56.1 at ¶ 16. Plaintiff applied for such a position, but DPW informed her that no such position existed. *See* Breland–Starling Depo. at 116–17. Plaintiff wanted DPW to create such a position for her, but her requests were denied. *See id.* DPW notified plaintiff of the opening for Accounting Manager for Royalties and Inventory after Ms. Lehrfeld's departure in October, 1999, but plaintiff chose not to apply. *See* Breland–Starling Depo. at 249–52.

Plaintiff continues to work at DPW. She has received merit-based increases in her salary annually since she began her full-time employment in 1995, including the period after the filing of this action. *See* Geelan Affidavit, Exh. 1; Breland–Starling Depo. at 456. Plaintiff states that she currently enjoys her job at DPW. *See* Pl. 56.1 at ¶ 53.

Plaintiff filed the instant suit claiming failure to promote and retaliation based on racial discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 1981, and similar New York law. Defendants respond that plaintiff was not qualified for the position at issue and that there is no evidence that DPW retaliated against plaintiff for the filing of the instant suit.

## DISCUSSION

A court may grant summary judgment only if it determines that there are no genuine issues of material fact based on a review of the pleadings, depositions, answers to interrogatories, admissions on file and affidavits. *See* Fed.R.Civ.Pr. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

When ruling on a summary judgment motion, a court must construe the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no genuine issue as to any material fact exists, the moving party is entitled to summary judgment as a matter of law. *See Celotex,* 477 U.S. at 323, 106 S.Ct. 2548.

A plaintiff alleging employment discrimination under Title VII bears the initial burden of establishing a *prima facie* case. In order to establish a *prima facie* case for failure to promote, a plaintiff must show that (1) she is a member of a protected class; (2) she applied and was qualified for a position for which the employer was

seeking applicants; (3) she was rejected for the position; and (4) the position remained open and the employer continued to seek applicants to fill the position. *See Brown v. Coach Stores, Inc.*, 163 F.3d 706, 709 (2d Cir.1998) (internal quotations and citation omitted). The Court finds that plaintiff has failed to establish a *prima facie* case because she has not demonstrated she was qualified for the position at issue.[1]

■ Plaintiff alleges that, because of her race, defendant failed to promote her to Accounting Manager for Royalties and Inventory—a position initially occupied by Ms. Lehrfeld—even though plaintiff was qualified for that position. The evidence does not support plaintiff's contention. Ms. Lehrfeld, like the previous manager who occupied a similar position at DPW in California, was a CPA with significant accounting experience. Ms. Lehrfeld also had an undergraduate degree in accounting. By contrast, plaintiff is not a CPA, has virtually no accounting experience, and does not possess an undergraduate degree. In response, plaintiff argues that the position did not require someone with accounting experience for the royalty processing procedures. *See* Breland–Starling Affidavit at ¶¶ 30, 31. Plaintiff's own subjective assessment of the requirements of another employee's job are not sufficient to create a genuine issue of material fact. Moreover, plaintiff conceded that she did not know to what extent an accounting background was needed to carry out the essential functions of Ms. Lehrfeld's job. *See* Breland–Starling Depo. at 189. Plaintiff also fails to indicate how her skills were applicable beyond the royalty processing aspects of a position for which inventory and accounting skills were—by dint of the position's title alone—clearly necessary. Plaintiff cannot establish her *prima facie* case without setting forth either the responsibilities of Ms. Lehrfeld's position or plaintiff's skills applicable to this position. *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir.2000). The essence of plaintiff's case is that because DPW gave substantial portions of her royalty processing responsibilities to Ms. Lehrfeld, plaintiff was as qualified for the position as Ms. Lehrfeld. However, "this fact alone does not establish that [plaintiff] was competent to perform all the duties of" Ms. Lehrfeld's job. *Id.* In short, plaintiff has failed to demonstrate that she was competent to assume a supervisory position occupied by a CPA who exercised accounting skills plaintiff lacks. Indeed, no rational juror could conclude that plaintiff was qualified for Ms. Lehrfeld's job. The Court therefore dismisses her claim for failure to promote.

■ Plaintiff also contends that DPW retaliated against her for filing the instant action. To establish a *prima facie* case of retaliation, plaintiff must show that (1) she was engaged in protected activity; (2) the employer was aware of the activity; (3) an adverse employment action was taken against her; and (4) there was a causal connection between the protected activity and the adverse employment action. *See Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir.1996); *accord Cifra v. General Electric Co.*, 252 F.3d 205, 216 (2d Cir.2001). It is undisputed that plaintiff

---

1. Plaintiff bases part of her claim of discrimination on DPW's failure to promote her to a supervisory position of any sort. Under well-established Second Circuit precedent, plaintiff must allege that "she applied for a specific position or positions and was rejected therefrom, rather than merely asserting that on several occasions she ... generally requested promotion." *Brown v. Coach Stores, Inc.*, 163 F.3d at 710. Plaintiff's contention that DPW should have promoted her to some unspecified supervisory position therefore is without merit. Accordingly, the Court will consider only her claim regarding the specific position of Accounting Manager for Royalties and Inventory.

satisfies the first element of her *prima facie* case. Moreover, for the purposes of this motion, the Court will assume all relevant persons were aware of such activity. Plaintiff has not, however, demonstrated that defendants took adverse employment action against her.

■ While there is no bright-line rule as to what constitutes an adverse employment action, the Second Circuit emphasizes that "'not every unpleasant matter short of [discharge or demotion] creates a cause of action'" for retaliation. *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir.1997) (quoting *Welsh v. Derwinski*, 14 F.3d 85, 86 (1st Cir.1994)) (alteration in original); *accord Richardson v. New York State Dept. of Correctional Serv.*, 180 F.3d 426, 446 (2d Cir.1999). Rather, a plaintiff "suffer[s] an 'adverse employment action' if she endures a 'materially adverse change in the terms and conditions of employment.'" *Richardson*, 180 F.3d at 446 (quoting *Torres v. Pisano*, 116 F.3d 625, 640 (2d Cir.1997)).

■ The actions of which plaintiff complains did not effect a materially adverse change in her employment. Plaintiff claims retaliation in several areas.[2] First, she claims that DPW negatively affected her employment status because it reduced or eliminated certain of her responsibilities. Plaintiff fails to show, however, how these changes adversely affected her employment. Plaintiff retained the same job title, received annual merit-based pay increases, and performed the same core duty of her job—preparing royalty statements—after she filed this lawsuit. *See* Breland–Starling Depo. at 95–96, 389. The Court finds, therefore, that the changes made to plaintiff's position do not constitute a materially adverse change in her employment. *See, e.g., Galabya v. New York City Board of Education*, 202 F.3d 636, 640 (2d Cir.2000).

■ Plaintiff raises additional retaliation claims in her complaint. To begin, plaintiff asserts that she was not provided with a job description, something plaintiff feels would have afforded her a better chance of promotion. Plaintiff offers no evidence to support this claim, and fails to show that similarly situated employees received job descriptions as part of their employment. Additionally, plaintiff claims that she was not provided with a new computer, but only received improvements to her existing computer and that she did not receive training on the so-called "Oracle project." These allegedly retaliatory acts may have been unpleasant for plaintiff, but they do not amount to anything close to an adverse employment action.

■ Plaintiff also claims she was reprimanded for tardiness and harassed for her failure to fill out and submit sick day request forms. Plaintiff does not deny that she was tardy, and the record reflects that during the year she claimed harassment, she was absent from work fifteen (15) days due to illness. *See* Geelan Affidavit, Exh. 25, Breland–Starling Sick/Personal/Vacation Days for 1997–1998. Moreover, the alleged reprimands and harassment came primarily in the form of interoffice memoranda. Reprimands and scrutiny of this sort do not amount to adverse employment action. *See, e.g., Bennett v. Watson Wyatt & Co.*, 136 F.Supp.2d 236, 248 (S.D.N.Y. 2001). In summary, the Court holds that none of the actions of which plaintiff complains are sufficiently adverse to establish a *prima facie* case of retaliation.[3]

---

**2.** While there is considerable dispute over the timing of when these changes in plaintiff's employment occurred, for the purposes of summary judgment, the Court assumes that the changes took place after the instant suit was filed.

**3.** Since the plaintiff has not passed the third prong of the test for retaliation, the Court

Plaintiff raises additional claims of discrimination in her complaint that did not appear in her response to defendants' motion for summary judgment. First, plaintiff makes discrimination claims individually against Mr. Edward Zinser, Mr. Kevin Mullan, and Mr. Peter Della Penna. Second, plaintiff claims workplace harassment. Third, plaintiff makes a claim of discriminatory compensation. The facts of this case, even taken in the light most favorable to the plaintiff, provide no support for her allegations of discrimination and harassment. In fact, there is ample evidence to rebut her claims. Plaintiff states that she enjoys her current job, and that she always had a cordial and professional relationship with Mr. Zinser, Mr. Della Penna and her other coworkers. *See* Breland–Starling Depo. at 72, 256, 412, 621–22. Additionally, she states that nobody at DPW ever subjected her to racial epithets or slurs. *See id.* at 621. Plaintiff's discriminatory compensation claim is similarly meritless. The only employee who shared the same title and responsibilities as plaintiff[4], Ms. Gruen, was never promoted and at no time made more money than plaintiff. *See* Breland–Starling Depo. at 174, 381, 385, 419; Della Penna Depo. at 209–10. It follows that these claims too must be dismissed.

Finally, having denied plaintiff's federal causes of action, the Court declines to exercise its discretion to consider plaintiff's state law discrimination claims. *See Carnegie–Mellon v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *accord In re Porges,* 44 F.3d 159, 162 (2d Cir.1995) (Court is "not required to dismiss [plaintiff's] state claims [but] dismissal of such claims is the general rule").

The Court therefore dismisses these claims without prejudice to being renewed in the appropriate state court venue.

## CONCLUSION

For the foregoing reasons the Court grants defendant's motion for summary judgment and dismisses all of plaintiff's claims. The Clerk of the Court is hereby directed to close the above-captioned action.

**It is SO ORDERED**

---

need not consider here whether there was a causal connection between the protected activity and the adverse employment action.

**4.** Moreover, a claim of discriminatory compensation with respect to Ms. Lehrfeld cannot

be sustained because, as described above in connection with the failure to promote claim, plaintiff is not similarly situated with Ms. Lehrfeld.