**Brenda CURTIS, Alvin Williamson, and all other similarly situated, Plaintiffs–Appellants,**

v.

**CITIBANK, N.A., Citicorp North America, Inc., Citicorp Securities, Inc., Defendants–Appellees.**

No. 02–7141.

United States Court of Appeals, Second Circuit.

June 27, 2003.

Stephen T. Mitchell, New York, NY, for Appellants.

Bettina Plevan, Proskauer Rose, LLP, New York, NY, for Appellees.

Present: WALKER, Chief Judge, CALABRESI, Circuit Judge, and KORMAN,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiffs-appellants Brenda Curtis and Alvin Williamson bring this action against their former employers, defendants-appellees Citibank, N.A., Citicorp North America, Inc., and Citicorp Securities, Inc., ("Citibank") alleging race and sex discrimination in the form of a hostile work environment, disparate treatment, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* The district court, adopting magistrate judge Theodore H. Katz's Report and Recommendation ("the Report"), granted Citibank's motion for summary judgment pursuant to Fed.R.Civ.P. 56, dismissing the plaintiffs' claims from

* The Honorable Edward R. Korman, of United States District Court for the Eastern District of New York, sitting by designation.

their first complaint ("Curtis I"), filed September 3, 1997. After the magistrate judge and the district court denied leave to amend this complaint in 1999, the plaintiffs filed a new action on January 26, 1999 ("Curtis II"). We ruled that the plaintiffs "may proceed on their Curtis II claims of retaliation and constructive discharge to the extent they arise out of events occurring subsequent to the filing of the first amended complaint in Curtis I." *Curtis v. Citibank N.A.*, 226 F.3d 133, 140 (2d Cir. 2000).

The district court ruled that the plaintiff's second complaint is active only inasmuch as Curtis's retaliation claim and Williamson's constructive discharge claim arose out of events occurring after the first complaint was filed on September 3, 1997. Curtis and Williamson appeal from the district court's grant of summary judgment for the defendants in *Curtis I*. We have jurisdiction over the dismissal of *Curtis I* because it was dismissed in its entirety; we do not have interlocutory jurisdiction over the partial dismissal of *Curtis II*. We presume familiarity with the facts of the case from the magistrate judge's Report and from the district court's memorandum and order. *See Curtis v. Citibank N.A.*, 97 Civ. 1065, 2002 U.S. Dist. LEXIS 256, 2002 WL 27780 (S.D.N.Y. Jan. 10, 2002).

■ Summary judgment should be granted only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). We first address the plaintiffs' hostile environment claims. "[A] work environment may be actionable if the conduct there is either so severe or so pervasive as to alter the working conditions of a reasonable employee." *Richardson v. New York State Dept. Corr. Serv.*, 180 F.3d 426, 440 (2d Cir.1999). The "Ebonics" email, the incident at the heart of this case, was objectively offensive, but the plaintiffs have not presented a material issue of conduct severe or pervasive enough to be actionable. "Isolated incidents or episodic conduct will not support a hostile work environment claim." *Id.* at 437 (citations omitted); *see also Schwapp v. Town of Avon*, 118 F.3d 106, 110–11 (2d. Cir.1997). Furthermore, no supervisors had any role in the incident, and Citibank swiftly investigated the plaintiffs' complaint about the email. Within three weeks of Curtis's complaint, Citibank disciplined the employees who had sent or forwarded the email with termination or final warning, installed a banner on its email system warning against such abuses, and notified all of its employees of the incident, the disciplinary penalties given, and the company policy against offensive conduct. Therefore, the email cannot be imputed to Citibank.

■ We similarly find that the district court properly granted summary judgment with respect to the plaintiffs' retaliation claim. To establish a *prima facie* case of retaliation, a plaintiff must submit evidence of: "(1) participation in a protected activity known to the defendant; (2) an employment decision or action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse decision." *Richardson*, 180 F.3d at 443 (citation omitted). Once the plaintiff has made a *prima facie* case, the defendant has the burden of articulating a legitimate, non-retaliatory reason for the complained action. If the defendant meets this burden, the plaintiff must carry the ultimate burden of persuasion by demonstrating that there is sufficient potential proof for a reasonable jury to find the proferred legitimate reason merely a pretext for impermissible retaliation. *Id.*

Retaliatory "adverse employment action" is a "materially adverse change in

the terms and conditions of employment. . . ." *Id.* Because there are no bright line rules, we examine retaliation claims case-by-case to determine whether the challenged actions were "adverse," but "not every unpleasant matter short of [discharge or demotion] creates a cause of action" for retaliation. *Id.* at 446 (alterations in original) (citing *Wanamaker v. Columbian Rope Co.,* 108 F.3d 462, 466 (2d Cir.1997); *Welsh v. Derwinski,* 14 F.3d 85, 86 (1st Cir.1994)).

The plaintiffs' primary evidence of retaliation is the proximity in time of their discrimination complaints and the adverse actions. Although it is true that a discrimination claim may be supported with only circumstantial evidence, Citibank presents an abundance of well-documented non-discriminatory explanations for the adverse actions, and the plaintiffs concede the facts underlying these explanations. For example, Curtis admits that her job performance after she filed the complaint was "poor." Williamson admits that, when his supervisor informed him that his tardiness would be noted in his personnel record, he said to the supervisor, "You will go down," a threat leading to Williamson's final warning. Even if Curtis has good excuses for her "poor" performance, and even if Williamson has alternative explanations for his threat, these concessions significantly bolster Citibank's argument that it had non-discriminatory reasons for its actions. Attempting to show evidence of animus, Curtis claims on appeal that her supervisor Ravi Apte said that "blacks were beneath him," but the plaintiffs' motion in the district court opposing summary judgment stated only that "Ms. Curtis accused Mr. Apte of believing that blacks were beneath him." Furthermore, because this allegation is based solely upon the notes and deposition of Human Resources manager Stephen Cronin, and not the deposition of Curtis herself, such hearsay evidence against Apte would not be admissible. "Where . . . there is no admissible evidence that the statements of the former employer caused or contributed to [the discriminatory effect on the plaintiff], the plaintiff has failed to present a prima facie case." *Sarno v. Douglas Elliman–Gibbons & Ives, Inc.,* 183 F.3d 155, 160 (2d Cir.1999). The plaintiffs have not offered sufficient evidence for a reasonable jury to conclude that the explanations were pretextual or that there was racial animus.

Second, Curtis complains that Citibank retaliated in a series of more minor adverse decisions: enforcing new rules unfairly against her; denying her a supervisory position, transfer requests, and overtime work opportunities; and allowing fellow employees to sabotage her work. Citibank responds to each claim with non-discriminatory explanations. The new rules are attributable to Curtis's new supervisor who was assigned to her before she filed her complaint, and Curtis presents no evidence of unequal enforcement of those new rules. Citibank points to Curtis's comments reflecting hesitancy about taking on a supervisory position, and Curtis does not deny those comments. Curtis also fails to demonstrate that she argued to the district court that her transfer denial was retaliatory, and, in any event, it appears that the denial followed company policy. Curtis's claims of sabotage are entirely speculative and vague, and they consist only of her colleagues' tardiness in sending her entries for her newsletter. Such commonplace delays, without any evidence of animus or intent, do not rise to the level of a materially adverse change in the terms and conditions of employment.

Third, Curtis and Williamson contend that the defendants retaliated against their

complaints of discrimination by ignoring later complaints and refusing to abate discriminatory behavior. Even if the failure to investigate some complaints constitutes a "materially adverse change," the plaintiffs waived some of these retaliation arguments by failing to argue them in the district court. Moreover, Citibank refutes these claims by demonstrating in the record that its supervisors did respond to the plaintiff's subsequent complaints, and found them to be without merit. The record also reflects that Curtis rejected Citibank's complaint procedures, refusing to speak with the appropriate Human Resource managers. The plaintiffs do not reply to Citibank's evidence of investigating their claims, and thus they do not dispute this issue of material fact.

We also find that the trial court did not abuse its discretion in limiting pre-trial discovery. Because the plaintiffs offered no evidence suggesting that there was systematic, widespread, or severe discrimination by Citibank, the district court acted within its discretion in rejecting plaintiffs' sweeping discovery request for all formal and informal complaints of racial and sexual harassment and discrimination throughout the company, and in limiting discovery to the plaintiffs' supervisors and to their division.

We have reviewed the plaintiffs' other claims, and we affirm for the reasons given in the magistrate judge's Report and in the district court's order adopting the Report.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**