Josefina **LEGNANI**, Plaintiff–
Appellant,

v.

**ALITALIA LINEE AEREE ITALIANE,**
**S.P.A., (Alitalia Airlines)**
Defendant–Appellee.

Docket No. 03–9022.

United States Court of Appeals,
Second Circuit.

Argued: Nov. 10, 2004.

Decided: March 4, 2005.

Josefina Legnani, pro se, New York, New York, for Plaintiff–Appellant (on submission).

Lori Bauer (Elise M. Bloom, on the brief; Miriam Lieberson, of counsel), Jackson Lewis LLP, New York, New York, for Defendant–Appellee.

Before: WALKER, Chief Judge, POOLER and WESLEY, Circuit Judges.

PER CURIAM.

Plaintiff-appellant, Josefina Legnani, appearing *pro se*, appeals from a judgment dismissing a claim of retaliatory discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, as well as other retaliation and discrimination claims under Title VII and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634. Legnani raises several arguments on appeal, most of which are addressed in our summary order, issued today, affirming the district court's judgment in part. The sole issue that we address in this opinion is the applicability of claim preclusion to Legnani's retaliatory discharge claim.

This appeal comes to us after entry of summary judgment following our remand in *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683 (2d Cir.2001). In 1995, Legnani filed an action under Title VII and New York City Human Rights Law against her employer, defendant-appellee, Alitalia Linee Aeree Italiane, S.P.A. ("Alitalia"). In 1998, with the 1995 action pending, Alitalia fired Legnani. Legnani sought leave to amend her 1995 complaint to add a retaliatory discharge claim based on this event. The district court denied Legnani's request, and Legnani did not appeal the ruling after the court went on to award judgment to Alitalia regarding the claims raised in her 1995 complaint. Instead, she brought the retaliatory discharge claim in a complaint filed in December 1999. The district court dismissed the discharge claim as time-barred under 42 U.S.C. § 2000e–5(e)(1), but we reversed, remanding for further proceedings on the merits. *See Legnani*, 274 F.3d at 685, 687.

On remand, Alitalia moved for summary judgment, arguing that Legnani's retaliatory discharge claim was barred by the doctrine of *res judicata.* The district court agreed, reasoning that Legnani failed to avail herself of an opportunity to bring the retaliatory discharge claim in her first action by not contesting on appeal the earlier ruling on her motion to add the discharge claim. The district court noted:

> [P]laintiff's claim for retaliatory discharge must be dismissed. "Where a plaintiff's motion to amend its complaint in the first action is denied, and plaintiff fails to appeal the denial, res judicata applies to the claims sought to be added in the proposed amended complaint." *EFCO Corp. v. U.W. Marx, Inc.,* 124 F.3d 394, 399–400 (2d Cir.1997). Res judicata applies in these situations because the plaintiff failed to avail herself of an opportunity to pursue a remedy through appeal.

We review *de novo* the district court's application of the principles of *res judicata. See Boguslavsky v. S. Richmond Sec., Inc.,* 225 F.3d 127, 129–30 (2d Cir.2000). "Under the doctrine of res judicata, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *St. Pierre v. Dyer,* 208 F.3d 394, 399 (2d Cir.2000) (quoting *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). "In determining whether a second suit is barred by this doctrine, the fact that the first and second suits involved the same parties, similar legal issues, similar facts, or essentially the same type of wrongful conduct is not dispositive." *Maharaj v. Bankamerica Corp.,* 128 F.3d 94, 97 (2d Cir.1997). "Rather, the first judgment will preclude a second suit only when it involves the same 'transaction' or connected series of transactions as the earlier suit . . . ." *Id.*

Here, *res judicata* does not bar Legnani's retaliatory discharge action. "[A]s a matter of logic, when the second action concerns a transaction occurring after the commencement of the prior litigation, claim preclusion generally does not come into play." *Id.* "Claims arising subsequent to a prior action need not, and often perhaps could not, have been brought in that prior action; accordingly, they are not barred by *res judicata* regardless of whether they are premised on facts representing a continuance of the same course of conduct." *Storey v. Cello Holdings, L.L.C.,* 347 F.3d 370, 383 (2d Cir.2003) (internal quotation marks omitted). "The crucial date is the date the complaint was filed." *Curtis v. Citibank, N.A.,* 226 F.3d 133, 139 (2d Cir.2000). When Legnani filed her 1995 action, she had not yet been discharged from Alitalia. She could not have brought the retaliatory discharge action at that time and, accordingly, she was free to bring her retaliatory discharge claim in this subsequent action.[1] *Cf. id.* at 140 ("Plaintiffs may proceed on their [second action's] claims of retaliation and constructive discharge to the extent they arise out of events occurring subsequent to the filing of the first amended complaint [in their first action].").

Legnani's failed attempt to add the retaliatory discharge claim to her first action is without consequence. Generally, "when a plaintiff's motion to amend the complaint is denied and the plaintiff subsequently brings the amendment as a sepa-

---

1. This case demonstrates that two Title VII claims may be "reasonably related" for purposes of filing EEOC charges, *see Legnani,* 274 F.3d at 686–87 & n. 3, without being part of the same "transaction" for purposes of claim preclusion.

rate lawsuit, '. . . . the actual decision denying leave to amend is irrelevant to the claim preclusion analysis.'" *Id.* at 139 (quoting *Northern Assurance Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir. 2000)).[2] "[T]he normal claim preclusion analysis"—asking whether the claims arose from the same transaction—"applies and the court must assess whether the second suit raises issues that should have been brought in the first." *Id.* at 139–40. Thus, "if, after [a] first suit is underway, a defendant engages in actionable conduct, [a] plaintiff may—but is not required to— file a supplemental pleading setting forth defendant's subsequent conduct." *Maharaj*, 128 F.3d at 97. A "[p]laintiff's failure to supplement the pleadings of his already commenced lawsuit will not result in a *res judicata* bar when he alleges defendant's later conduct as a cause of action in a second suit." *Id.*

Alitalia's reliance on *EFCO* is misplaced. The precluded action in *EFCO* did not involve any "event[ ] arising after the filing of the complaint that formed the basis of the first lawsuit." *Curtis*, 226 F.3d at 139. In *EFCO*, the plaintiff had brought a lien-foreclosure action in 1993 in New York Supreme Court and later moved to amend its complaint to add certain unjust enrichment and quantum meruit claims. 124 F.3d at 397. The New York court denied the plaintiff's motion to amend "because [the plaintiff] failed to attach the appropriate supporting affidavit." *Id.* The plaintiff failed to appeal that denial, *id.* at 399, and then included its claims for unjust enrichment and quantum meruit in a federal suit, *id.* at 397. The federal district court granted defendant's motion for summary judgment on these claims, finding them barred by New York principles of *res judicata,* and we affirmed. *Id.* at 397, 402. Before concluding that the plaintiff's claims were barred, we noted that the lien-foreclosure, unjust enrichment, and quantum meruit claims "obviously ar[o]se from the same transactions." *Id.* at 400. We thus characterized the plaintiff's failure to appeal the New York Supreme Court's

2. There may be a caveat to this general rule. We have indicated that claim preclusion may apply where " 'the denial of leave to amend is itself based on . . . the merits.'" *Northern Assurance Co. of Am.*, 201 F.3d at 88 (quoting *Integrated Techs. Ltd. v. Biochem Immunosystems (U.S.) Inc.*, 2 F.Supp.2d 97, 103 (D.Mass. 1998)). Our precedent from the analogous context of denials of leave to file supplemental complaints makes clear that we are hesitant, however, to characterize denials as "on the merits" where they are made "without discussion," *McNellis v. First Fed. Sav. & Loan Ass'n of Rochester*, 364 F.2d 251, 255–56 (2d Cir.1966), or on a basis "not readily apparent," *Flaherty v. Lang*, 199 F.3d 607, 613–16 (2d Cir.1999).

Here, the district court gave no rationale for its denial of leave—indeed, the docket sheet does not even indicate the motion was made, *see Legnani*, 274 F.3d at 685 n. 1—and we find no evidence that might establish that the denial was merits-based. Alitalia contends that the district court advised Legnani to file a new EEOC charge regarding her retaliatory discharge allegations. Alitalia asserts that this advice reveals that the court took the position that it could not entertain Legnani's claim until Legnani filed a new EEOC charge. We disagree. The position Alitalia attributes to the district court is directly contrary to well-established and oft-repeated circuit precedent. *See, e.g., Butts v. N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402 (2d Cir.1993); *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1208–09 (2d Cir.1993); *Owens v. New York City Hous. Auth.*, 934 F.2d 405, 410–11 (2d Cir.1991); *Goodman v. Heublein, Inc.*, 645 F.2d 127, 131 (2d Cir.1981); *Kirkland v. Buffalo Bd. of Educ.*, 622 F.2d 1066, 1068 (2d Cir.1980) (per curiam). We will not presume, on the basis of mere advice, that the court misread a dozen years of this Court's jurisprudence. As we stated in *McNellis,* "a reasonable doubt as to what was decided in the first action should preclude the drastic remedy of foreclosing a party from litigating an essential issue." 364 F.2d at 257.

denial of leave to amend as a "fail[ure] to avail himself of an opportunity to pursue a remedy in the state-court action . . . ." *Id.* By contrast, Legnani did not have an obligation to avail herself of the opportunity in her first action to pursue a remedy for the alleged retaliatory discharge, because her retaliatory discharge claim arose entirely out of conduct postdating the filing of her first action.

Accordingly, the district court's order granting summary judgment in favor of Alitalia is hereby reversed with respect to the dismissal of Legnani's retaliatory discharge claim on the basis of *res judicata* and remanded for further proceedings.