**Brenda CURTIS and Alvin Williamson,**
**Plaintiffs–Appellants,**

v.

**CITIBANK, N.A. and Citicorp**
**Securities, Inc., Defendants–**
**Appellees.**

**No. 05–6552–cv.**

United States Court of Appeals,
Second Circuit.

Nov. 8, 2006.

---

Stephen T. Mitchell, New York, NY, for Plaintiffs–Appellants.

Lloyd B. Chinn (Bettina B. Plevan, on the brief) Proskauer Rose LLP, New York, NY, for Defendants–Appellees.

Present: Hon. RICHARD J. CARDAMONE, Hon. ROGER J. MINER and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants Brenda Curtis and Alvin Williamson appeal from two judgments of the United States District Court for the Southern District of New York (Batts, *J.*) granting the defendants-appellees' motion for summary judgment against Curtis and motion to dismiss against Williamson.

While we assume familiarity with the record, a short discussion of the procedural history is necessary to explain our reasoning. In February 1997, plaintiffs Brenda Curtis and Alvin Williamson sued Citibank, their employer, alleging a racially-discriminatory hostile work environment (*"Curtis I"*). *See Curtis v. Citibank, N.A.,* No. 97–1065(DAB), 1999 WL 544729, 1999 U.S. Dist. LEXIS 11394 (S.D.N.Y. July 27, 1999). A second complaint, filed as a new action on January 26, 1999, No. 99–0575 (*"Curtis II"*), included additional claims relating to plaintiffs' discharge. The district court dismissed *Curtis II* as duplicative of *Curtis I. Curtis,* 1999 WL 544729, at *5–6, 1999 U.S. Dist. LEXIS 11394, at *18–19. We reversed in part, finding that dismissal in whole was inappropriate, and allowed plaintiffs to "proceed on their *Curtis II* claims of retaliation and constructive discharge to the extent they arise out of events occurring subsequent to the filing of the first amended complaint in *Curtis I.*" *Curtis v. Citibank, N.A.,* 226 F.3d 133, 140 (2d Cir.2000). In January 2002 the district court adopted Magistrate Judge Katz's Report and Recommendation ("R & R") granting Citibank summary judgment in *Curtis I* on the hostile work environment claims and retaliation claims. *Curtis v. Citibank, N.A.,* No. 97–1065(DAB), 99–0575(DAB), 98–1139(DAB), 2002 WL 27780, at *3, 2002 U.S. Dist. LEXIS 256, at *17 (S.D.N.Y. Jan. 10, 2002). The court found that Curtis faced issue preclusion on those claims in *Curtis II* that "aris[e] out of the same events as those alleged, and decided, in *Curtis I.*" *Id.* at *3, 2002 U.S. Dist. LEXIS 256, at *12. Curtis appeals from that decision. The January 2002 order also allowed Williamson to pursue his constructive discharge claim, to the extent it "arises out of events different from those previously alleged and occurring after September 3, 1997 [*Curtis I's* filing date]." *Id.* at *3, 2002 U.S. Dist. LEXIS 256, at * 13. Williamson filed an amended complaint in February 2002 which the district court dismissed, stating that "it is clear that the Complaint reiterates the same facts previously alleged, and which occurred prior to September 3, 1997." *Williamson v. Citi-*

*corp,* 2005 WL 2978937, at \*2, 2005 U.S. Dist. LEXIS 26850, at \*4–\*5 (S.D.N.Y. Nov. 7, 2005). Williamson appeals from that decision.

## I. *Curtis's Arguments*

Curtis challenges the district court's January 2002 dismissal of her wrongful termination claim in *Curtis II.* She argues that her claim "was dismissed before she had the opportunity to put forth a complaint that alleged the claim."

"We review *de novo* the district court's application of the principles of *res judicata.*" *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,* 400 F.3d 139, 141 (2d Cir. 2005) (per curiam). "Res judicata, or claim preclusion, precludes a litigant from advancing in a new action all claims or defenses that were or could have been raised in a prior proceeding in which the same parties or their privies were involved and that resulted in a judgment on the merits." *In re PCH Assocs.,* 949 F.2d 585, 594 (2d Cir.1991).

While the *Curtis I* complaint did not include a retaliatory discharge claim, that issue was tried by the "implied consent" of the parties, pursuant to Federal Rule of Civil Procedure 15(b) which provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." The parties addressed the termination during depositions; plaintiffs discussed the unfairness of Curtis's termination in their opposition to Citibank's summary judgment motion in *Curtis I* and in their 56.1 statement; and plaintiffs' objections to the R & R referred repeatedly to Curtis's eventual termination. Furthermore, nowhere in Curtis's extensive objections to the R & R did she object to the court reaching the question of the retaliatory termination.

Having determined that the retaliatory discharge claim was tried by implied consent, "we must be careful to examine the specific facts and circumstances of the prior adjudication," to determine whether the claims were raised in *Curtis I* and "resulted in a judgment on the merits," such that *res judicata* applies. *In re PCH Assocs.,* 949 F.2d at 594. We find that Curtis's retaliatory termination claim was raised and resolved in *Curtis I:* Magistrate Judge Katz, in his December 1999 R & R, found that Curtis had not "offered any evidence beyond conclusory allegations of discrimination to show that her final warning and her termination constitute unlawful retaliation," and recommended granting Citibank summary judgment with respect to Curtis's termination claim. *Curtis v. Citibank N.A.,* No. 07–1065(DAB)(THK), 1999 U.S. Dist LEXIS 23047, at \*77 (S.D.N.Y. Dec. 13, 1999). The district court adopted the R & R and specifically found that it "correctly concluded that Curtis has failed to establish a prima facie case of retaliation or disparate treatment in the enforcement of workplace polices, lack of supervisory duties, *and her ultimate termination." Curtis,* 2002 WL 27780, at \*2, 2002 U.S. Dist LEXIS 256, at \*9 (emphasis added). Furthermore, the district court found that Curtis's "claim of incidents of retaliation up to and including the issuance of a final written warning on July 30, 1997 and her termination on March 3, 1998 have been fully litigated." *Id.* at \*3, 2002 U.S. Dist LEXIS 256, at \*12. We upheld the district court's order and concluded, regarding the retaliation claim, that "plaintiffs have not offered sufficient evidence for a reasonable jury to conclude that the explanations were pretextual or that there was racial animus." *Curtis v. Citibank, N.A.,* 70 Fed.Appx. 20, 23 (2d Cir.2003). *Legnani,* 400 F.3d 139, which Curtis cites, is inapposite, as Curtis's action fails not because she *could* have

brought it in an earlier complaint, but rather because she impliedly consented to its resolution in the action initiated by her earlier complaint and because it was fully resolved on the merits.

We therefore affirm the district court's dismissal of Curtis's claim based on preclusion principles.

## II.  Williamson's Claims

Williamson appeals the district court's dismissal of his second complaint, filed in February 2002, and the denial of his motion to replead. We "apply a *de novo* standard of review to the grant of a motion to dismiss on the pleadings, accepting as true the complaint's factual allegations and drawing all inferences in the plaintiff's favor." *DeMuria v. Hawkes*, 328 F.3d 704, 706 (2d Cir.2003).

When we granted Williamson leave to pursue his constructive discharge claim, we held that "[p]laintiff[ ] may proceed on [his] *Curtis II* claims of retaliation and constructive discharge to the extent they arise out of events occurring subsequent to the filing of the first amended complaint in *Curtis I*." 226 F.3d at 140. Upon remand the district court specifically instructed Williamson that, "[t]o the extent, however, that Plaintiff Williamson's constructive discharge claim arises out of events different from those previously alleged and occurring after September 3, 1997, Plaintiff is entitled to pursue that action. Should adequate grounds exist, Plaintiff shall file and serve upon Citibank an Amended Complaint.... [F]ailure to replead in accord with this Court's Order may subject the Plaintiff and counsel to Rule 11 sanctions." *Curtis*, 2002 WL 27780, at *3, 2002 U.S. Dist. LEXIS 256, at *13.

█ Instead, Williamson's amended complaint, while adding a claim for constructive discharge, does not include any specific "events different from those previously alleged" in his earlier complaint or

his 56.1 statement in opposition to Citibank's motion for summary judgment. Williamson disregarded the instructions of both this Court and the district court. His vague allegations do not state a claim as to conduct post-dating September 1997. *See, e.g., Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 399 (2d Cir.1985) (affirming dismissal of ADEA claim which "contained no factual allegations whatsoever, apart from [plaintiff's] age, that supported his assertion of age discrimination"). Dismissal of his complaint was therefore proper.

Williamson next argues that he should have been granted leave to replead as there was no bad faith and he could have "easily" repaired the alleged defects by providing additional dates. "A district court has broad discretion in determining whether to grant leave to amend, and we review such determinations for abuse of discretion." *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir.2000). Here, the district court specifically told Williamson to plead events post-dating September 1997. When he failed to follow the court's specific instructions, the district court acted within the bounds of its discretion in denying his motion to replead. *See Denny v. Barber*, 576 F.2d 465, 471 (2d Cir.1978) ("[T]his is not a case ... where the appellant was unaware of the deficiencies in his complaint when he first amended it. Here [the district court], in dismissing the initial complaint, had put plaintiff's counsel on the plainest notice of what was required.") (internal footnote omitted).

We have considered all of the plaintiffs-appellants' remaining arguments and find them to be without merit. The judgments of the district court are therefore **AFFIRMED.**