Theodore F. JOHNSON,
Plaintiff–Appellant,

v.

DEPARTMENT OF HOUSING PRES-
ERVATION AND DEVELOPMENT,
Ulysees T. Montterie, of Counsel, Indi-
vidually and as Counsel for H.P.D.,
Mari Carlesimo, Esq. of Counsel, Indi-
vidually and as Counsel for H.P.D.,
Defendants–Appellees,

Yvette Brickhouse, Defendant.

No. 06–0876–cv.

United States Court of Appeals,
Second Circuit.

Jan. 10, 2007.

Theodore F. Johnson, pro se, Hemp-
stead, NY, for Plaintiff–Appellant.

Vincent D'Orazio, The City of New York Law Department, Office of Corporation Counsel, New York, NY, for Defendants–Appellees.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Appellant Theodore F. Johnson, *pro se*, appeals the judgment of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge)* entered on November 28, 2005, dismissing his amended complaint, in which he identified the defendants as the Department of Housing Preservation and Development of the City of New York ("the HPD"); Ulysees T. Montterie and Mari Carlesimo, attorneys for the HPD; and Yvette Brickhouse, Johnson's former tenant. We assume the parties' familiarity with the facts of this case, its procedural history, and the issues on appeal.

This Court reviews *de novo* a district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(1) or 12(b)(6), with all inferences drawn in favor of the plaintiff. *Posr v. Court Officer Shield No. 207,* 180 F.3d 409, 413 (2d Cir.1999). "However inartfully pleaded, a *pro se* complaint may not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citation and internal quotation marks omitted).

"Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Legnani v. Alitalia Linee Aeree Italiane, S.p.A.,* 400 F.3d 139, 141 (2d Cir. 2005) (citations, internal quotation marks, and brackets omitted). "[T]he first judg-ment will preclude a second suit only when it involves the same 'transaction' or connected series of transactions as the earlier suit." *Id.* (citation and quotation marks omitted).

■ Prior to the commencement of the present case, two of Johnson's previously filed cases relating to the property had been dismissed on their merits. *See Johnson v. Dep't of Housing Pres. & Dev.,* No. 99–cv–3472 (S.D.N.Y. Sept. 27, 2000) *("Johnson I"); Johnson v. The City of New York Dep't of Finance,* No. 01–cv–5304 (S.D.N.Y. Nov. 29, 2001) *("Johnson II").* The claims in Johnson's present complaint that are based on events occurring prior to the filing of the complaints in *Johnson I* and *Johnson II* involve the same series of transactions that served as the basis for those complaints—namely, the alleged conspiracy between Brickhouse, the HPD, and others to deprive Johnson of the property and allow Brickhouse to live there rent-free. Because Brickhouse and the HPD were named as defendants in each of the prior cases, the doctrine of res judicata bars Johnson from relitigating the claims against them and HPD's counsel in the present case.

■ Turning to Johnson's false arrest claim, this Court has ruled that "discrimination actions brought pursuant to [Section 1983] are most analogous to personal injury actions under state law; hence, the corresponding state statute of limitations has been deemed controlling." *Morse v. Univ. of Vermont,* 973 F.2d 122, 126 (2d Cir.1992) (citations omitted). In New York State, the applicable statute of limitations for personal injuries is three years. N.Y. C.P.L.R. § 214(5) (McKinney 2003). The three-year limitation also applies to New York State Human Rights Law claims. *Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 907 (2d Cir.1997).

In the present case, Johnson claimed that he had been "illegally arrested" on

October 12, 2001. He filed a complaint in the present action on October 29, 2004. Because his complaint was filed more than three years after his arrest, the claim relating to that arrest is time-barred.

 Turning to Johnson's claim that the HPD improperly sold the property, although a municipality cannot be held vicariously liable under § 1983 for the actions of its employees, it may be found liable in those cases "where the municipality *itself* causes the constitutional violation at question." *Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (emphasis in original) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). The municipality itself causes the injury when either: (1) the execution of the government's policy or custom causes the injury, *Monell*, 436 U.S. at 694, 98 S.Ct. 2018, or (2) the act of an employee with final policy-making authority in the particular area involved causes the injury, *see St. Louis v. Praprotnik*, 485 U.S. 112, 121–23, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). "Proof of deliberate indifference is a *sine qua non* for the imposition of liability on this basis." *Jeffes v. Barnes*, 208 F.3d 49, 61 (2d Cir.2000) (citations omitted).

In the present case, Johnson has not alleged that the purported sale was the result of either a policy or custom, or that the defendants-appellees acted with deliberate indifference. Thus, the district court properly dismissed those claims for failure to state a claim upon which relief could be granted. Further, Johnson has not alleged, nor is there any indication, that he is capable of undermining the defendants-appellees' assertion that the property has not been sold, as a copy of an order vacating the City's in rem tax foreclosure proceeding was attached to defendants-appellees' declaration submitted in support of their motion to dismiss Johnson's complaint.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.