**Gregory L. HUDSON, Plaintiff–Appellant,**

v.

**UNIVERSAL STUDIOS INC., Universal Pictures, Inc., Imagine Films Entertainment, LLC, Defendants–Appellees.**

**No. 06–3337–cv.**

United States Court of Appeals, Second Circuit.

May 30, 2007.

Gregory L. Hudson, New York, NY, pro se.

Richard Dannay (Thomas Kjellberg, on the brief), Cowan, Liebowitz & Litman, P.C., New York, NY, for Appellees.

Present: GUIDO CALABRESI, ROSEMARY S. POOLER, and SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Gregory L. Hudson, *pro se*, appeals the April 28, 2006, order of the United States District Court for the Southern District of New York (Lynch, *J.* ) finding the entirety of Hudson's complaint barred by the doctrine of *res judicata.* *See Hudson v. Universal Studios, Inc., et al.,* No. 04 Civ 6997, 2006 WL 1148695, 2006 U.S. Dist. LEXIS 25090 (S.D.N.Y. April 28, 2006). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review *de novo* the district court's dismissal based on *res judicata.* *Legnani*

v. Alitalia Linee Aeree Italiane, S.P.A., 400 F.3d 139, 141 (2d Cir.2005). "The doctrine of res judicata, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Monahan v. N.Y. City Dep't of Corrections, 214 F.3d 275, 284 (2d Cir. 2000) (internal quotation marks omitted). Res judicata applies when: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. Id. at 285.

■ We affirm the district court's dismissal of Hudson's claims regarding No Harm, No Foul as barred by res judicata. Identical claims of copyright infringement and unfair competition regarding this work were raised in an earlier action, and the breach of contract claim could have and should have been brought in the same action. See Hudson v. Universal Pictures Corp. et al., No. 03–CV–1008, 2004 WL 1205762, 2004 U.S. Dist. LEXIS 11508 (E.D.N.Y. April 29, 2004) ("Hudson II").

■ With regard to Hudson's claims regarding Bronx House, however, we vacate the district court's dismissal and remand for further proceedings. Hudson, a pro se litigant, was expressly told by the magistrate judge in Hudson II that Bronx House was not part of the case and he would not be permitted to raise claims regarding alleged copying of Bronx House.

Moreover, it was repeatedly emphasized by defendants and by the district court that the "sole issue" before the court in Hudson II was whether substantial similarity existed between No Harm, No Foul and Life. Finally, it is undisputed that no more than a single page of the script for Bronx House was in evidence in Hudson II such that no comparison for alleged similarity between Bronx House and Life could have occurred in Hudson II. Thus, "we are unwilling in these muddled circumstances to impose 'the drastic remedy of foreclosing a party from litigating an essential issue.'" Flaherty v. Lang, 199 F.3d 607, 616 (2d Cir.1999) (quoting McNellis v. First Fed. Sav. and Loan Ass'n, 364 F.2d 251, 257 (2d Cir.1966)).[1]

Accordingly, we AFFIRM the district court's dismissal of the No Harm, No Foul claims, VACATE the dismissal of the Bronx House claims, and REMAND the Bronx House claims for further proceedings. We reject the remainder of Hudson's arguments, including his claim of alleged bias on the part of the judges involved in Hudson II, as without merit.

---

1. We are not persuaded by the defendants' argument that Hudson's letter to the court in Hudson II, in which he stated he did not wish to amend his complaint, indicates Hudson's voluntary relinquishment of an opportunity to amend his complaint and raise claims regarding Bronx House. This letter was sent after Hudson had been expressly admonished by the magistrate judge that he could not bring in new claims regarding Bronx House.