644

Roland JOHNSON, Plaintiff–Appellant,

v.

John E. POTTER, Postmaster General
and United States Postal Service,
Defendants–Appellees.

No. 09–3484–cv.

United States Court of Appeals,
Second Circuit.

Sept. 30, 2010.

Christina A. Agola, PLLC, Rochester, NY, for Plaintiff–Appellant.

Michael S. Cerrone, Assistant United States Attorney, for William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY, for Defendants–Appellees.

Present: GUIDO CALABRESI, ROBERT A. KATZMANN, DENNY CHIN, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Roland Johnson appeals from a Decision and Order granting summary judgment to defendants, denying Johnson's motion for additional discovery pursuant to Federal Rule of Civil Procedure 56(f), and dismissing the complaint.

This is the second appeal arising from Johnson's third suit against the Postmaster General under Title VII of the Civil Rights Acts of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* Johnson's first suit alleging a denial of a promotion on the basis of his race was brought in 1990, but settled just two days into trial. Johnson filed his second suit on January 15, 2002 (*"Johnson II"*) alleging retaliation in the wake of his first suit. The district court granted summary judgment to the defendant and we affirmed by summary order on December 15, 2005. While *Johnson II* remained pending, Johnson filed his third suit against defendant alleging retaliation and constructive discharge. The district court again granted

summary judgment to defendants and we affirmed by summary order on June 7, 2006. Johnson subsequently moved for rehearing *en banc* in light of an intervening Supreme Court decision, *Burlington Northern & Santa Fe Railway Company v. White,* 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). We denied the motion on November 29, 2006. Johnson then petitioned for and was granted certiorari by the Supreme Court. On June 25, 2007, the Supreme Court vacated the June 7, 2006 summary order and remanded the case "for further consideration in light of" *Burlington Northern.* Accordingly, this Court vacated the district court's judgment and remanded the case to the district court on August 10, 2007. Following supplemental briefing by the parties addressing the import of the *Burlington Northern* decision, the district court again granted summary judgment for defendants on June 21, 2009, partially on the basis of res judicata. This appeal followed. We assume the parties' familiarity with the additional relevant facts and procedural history of the case.

 On appeal, Johnson primarily argues that the district court erred in having insufficiently considered Johnson's claims in light of *Burlington Northern.* We review *de novo* a district court's grant of summary judgment. *Mathirampuzha v. Potter,* 548 F.3d 70, 74 (2d Cir.2008). Grant of summary judgment on the basis of res judicata is also reviewed *de novo. Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,* 400 F.3d 139, 141 (2d Cir.2005) (per curiam). We review a denial of a Rule 56(f) motion for abuse of discretion. *Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003).

 We note at the outset that the holdings in *Burlington Northern* do not affect the application of res judicata itself. Res judicata bars relitigation of issues that were previously litigated by the same parties or their privies to a final judgment in a

court of competent jurisdiction. *In re Tel-tronics Servs., Inc.,* 762 F.2d 185, 190 (2d Cir.1985). Those criteria are all met here. The application of res judicata is appropriate even when the prior "judgment may have been wrong or rested on a legal principle subsequently changed," *Federated Dep't Stores v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). Therefore, we affirm the dismissal of all the claims previously adjudicated in *Johnson II* as barred by res judicata.

■ We have also examined Johnson's two new allegations of retaliation, individually and in context. In this respect, context means in the light of how a reasonable person would understand the new events, given the defendant's past actions, even though those prior actions are no longer actionable because of res judicata. *See Jute v. Hamilton,* 420 F.3d 166 (2d Cir. 2005) (holding the same with regard to the statute of limitations). We conclude that neither substantiates retaliation under Title VII. Specifically, the record reveals that there was no discriminatory animus motivating the request for allegedly "excessive documentation" with respect to Johnson's claim under the Family Medical Leave Act ("FMLA") because the FMLA Coordinator was unaware of Johnson's discrimination complaints at the time of the document request. With respect to Laura Lewis's allegedly threatening statements to Johnson, we are satisfied that those statements do not constitute material adverse action under *Burlington Northern. See* 548 U.S. at 68, 126 S.Ct. 2405; *Hicks v. Baines,* 593 F.3d 159, 165 (2d Cir.2010).

Finally, because *Burlington Northern* does not affect this Court's previous decision to affirm the district court's dismissal of Johnson's constructive discharge claim and the denial of his Rule 56(f) motion, we decline to disturb those determinations. In any event, as to the Rule 56(f) motion, we find persuasive the district court's rea-soning with respect to the merits of the claim, and, finding no abuse of discretion in denying Johnson's motion, also affirm on those grounds.

We have considered Johnson's additional arguments on appeal and find them to be without merit. We conclude that the district court appropriately considered the plaintiff's various allegations in light of *Burlington Northern,* individually and taken together. The district court having thus adequately discharged our directive under the remand, we hereby **AFFIRM** the order of the district court.