10-3619-cv
*Associated Fin. Corp. v. Kleckner*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*,
          J. GARVAN MURTHA,
                    *District Judge.*[*]

---

ASSOCIATED FINANCIAL CORPORATION,
COMMUNITY HOUSING ENTERPRISES, INCORPORATED,

        *Plaintiffs-Appellants*,

    -v.-                    10-3619-cv

STANLEY M. KLECKNER, POLAR INTERNATIONAL
BROKERAGE CORPORATION,

        *Defendants-Appellees.*

---

FOR APPELLANTS:    MITCHELL JAY ROTBERT, Law Office of
                  Mitchell Jay Rotbert, Rockville, MD.

---

[*] The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

FOR APPELLEES:       ADRIAN A. D'ARCY, Shields Mott Lund L.L.P., New Orleans, LA (Lloyd N. Shields, Shields Mott Lund L.L.P., New Orleans, LA; Dwight Yellen, Ballon Stoll Bader & Nadler, P.C., New York, NY, *on the brief*).

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiffs-Appellants Associated Financial Corporation and Community Housing Enterprises, Incorporated appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*), granting Defendants' motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court ruled that Plaintiffs' claims against Defendants Stanley M. Kleckner and Polar International Brokerage were barred by the doctrine of *res judicata* and failed to state a claim upon which relief can be granted. Plaintiffs appeal only the dismissal of their claim to recover damages from Defendants' breach of a covenant not to sue. We assume the parties' familiarity with the underlying facts and procedural history of the case.

2

Plaintiffs contend that their claim seeking damages in an amount equal to the attorneys' fees they incurred in a previous state court action is not barred by the *res judicata* effect of the state court's decision to deny their post-judgment motion for those fees. We review *de novo* a district court's dismissal of a complaint for failure to state a claim, *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000), as well as its application of the principles of *res judicata*, *Legnani v. Alitalia Linee Aeree Italiane, S.p.A.*, 400 F.3d 139, 141 (2d Cir. 2005) (per curiam). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate when "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco*, 231 F.3d at 86. "Under both New York law and federal law, the doctrine of *res judicata*, or claim preclusion, provides that [a] final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010) (alterations in original) (internal quotation marks omitted).

Having conducted an independent review of the record in light of these principles, we conclude that the state court's decision precludes Plaintiffs' attempt to recoup the attorneys' fees in the form of damages in the federal action for substantially the same reasons stated by the district court in its Memorandum Opinion and Order.  Because we conclude that Plaintiffs' claim for breach of a covenant not to sue is barred by the doctrine of *res judicata*, we need not address whether the claim is permissible under the American Rule.

We have considered Plaintiffs' remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4