15-3128-cv, 16-525-cv
Perez-Dickson v. Bridgeport Bd. of Educ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand seventeen.

PRESENT:  REENA RAGGI,
　　　　　　DENNY CHIN,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　*Circuit Judges*.
------------------------------------------------------------------------
CARMEN PEREZ-DICKSON,
　　　　　　　　*Plaintiff-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　　　　　　Nos.  15-3128-cv
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　16-525-cv

BRIDGEPORT　BOARD　OF　EDUCATION,
DR. SANDRA KASE, PAUL VALLAS,
　　　　　　　　*Defendants-Appellees*.\*
------------------------------------------------------------------------
APPEARING FOR APPELLANT:　　JOSEPHINE SMALLS MILLER, Law Office of Josephine Miller, East Hartford, Connecticut.

APPEARING FOR APPELLEES:　　ADAM S. MOCCIOLO, Pullman & Comley LLC, Bridgeport, Connecticut.

Appeals from judgments of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*; Holly B. Fitzsimmons, *Magistrate Judge*).

---

\* The Clerk of Court is directed to amend the case caption as set forth above.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 25, 2016, is AFFIRMED; and that the judgment entered on September 10, 2015, is AFFIRMED in part and VACATED in part, and that matter is REMANDED for further proceedings.

These appeals pertain to actions filed by plaintiff Carmen Perez-Dickson, a principal employed by defendant Bridgeport Board of Education, who complains that race discrimination and retaliation for protected activity prompted defendants to take actions against her for alleged physical abuse and threatening conduct toward students. Perez-Dickson here appeals from (1) the January 25, 2016 award of summary judgment in favor of defendants in *Perez-Dickson v. Bridgeport Board of Education* ("*Perez-Dickson I*"), No. 13-cv-198 (WWE), on claims pertaining to plaintiff's placement on paid administrative leave while abuse allegations were investigated; and (2) the September 10, 2015 dismissal of her complaint in *Perez-Dickson v. Bridgeport Board of Education* ("*Perez-Dickson II*"), No. 15-cv-135 (WWE), which pertained not only to the aforementioned paid leave, but also to a subsequent six-month suspension without pay following investigation, and to various actions taken after plaintiff's return to work, which resulted in the State Department of Education advising that her administrator license would not be renewed. Insofar as plaintiff challenges discovery rulings, denial of leave to amend, and declination of supplemental jurisdiction, we review only for abuse of discretion. *See Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016) (discovery); *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015) (leave to amend); *Spiegel v. Schulmann*, 604 F.3d 72, 78 (2d Cir. 2010) (supplemental jurisdiction). We generally

2

review the challenged dismissal of the complaint and grant of summary judgment *de novo*, *see Aegis Ins. Servs., Inc. v. 7 World Trade Co.*, 737 F.3d 166, 176 (2d Cir. 2013), but review only for abuse of discretion the district court's decision to dismiss a duplicative complaint, *see Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm in *Perez-Dickson I* and to affirm in part, and vacate and remand in part, in *Perez-Dickson II*.

1.  *Perez-Dickson I*

    a.  Amendment and Discovery Challenges

As a threshold matter, defendants question our jurisdiction to review plaintiff's challenges to (1) the denial of leave to file a proposed fourth amended complaint, and (2) the protective order against the deposition of defendant Sandra Kase, former Chief Administrative Officer of the Bridgeport Board of Education, matters not specifically designated in her notice of appeal. *See* Fed. R. App. P. 3(c)(1)(B) (stating that "notice of appeal must . . . designate the judgment, order, or part thereof being appealed"). As this court has stated, the designation standard "is not exacting." *Kovaco v. Rockbestos–Surprenant Cable Corp.*, 834 F.3d 128, 134 (2d Cir. 2016). "Notices of appeal are to be construed . . . liberally," and "our appellate jurisdiction depends on whether the intent to appeal from a decision is clear on the face of, or can be inferred from, the notice." *Id.* (internal quotation marks and alterations omitted).

3

Here, plaintiff's counseled notices of appeal designate an "[o]rder granting a motion for summary judgment . . . on January 25, 2016," App'x 1:284;[1] and "an [o]rder granting a motion to dismiss . . . on September 10, 2015," App'x 2:73. The challenged denial of amendment is contained in neither of these orders. Rather, it is located in a distinct March 31, 2015 order in *Perez-Dickson I*, which is not identified by plaintiff's notices of appeal and cannot reasonably be inferred to be raised by them. *See generally Kovaco v. Rockbestos–Surprenant Cable Corp.*, 834 F.3d at 134–35 (holding, in discrimination case, that appellate jurisdiction existed over federal-law claims specifically identified in counseled notice of appeal, but not over state-law claims nowhere mentioned therein). Even if plaintiff could establish jurisdiction over this claim, however, her appeal would fail because we identify no abuse of discretion in the district court's decision not to allow her to file an untimely fourth amended complaint. *See United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) ("Leave to amend should be freely given . . . when justice so requires, but should generally be denied in instances of futility, undue delay . . . or . . . repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." (alterations, citations, and internal quotation marks omitted)).

No jurisdictional concern pertains to our review of the challenged protective order, as that ruling appears in the January 25, 2016 order identified in plaintiff's *Perez-Dickson I* notice of appeal. Nevertheless, we identify no abuse of discretion in the entry of such

---

[1] Citations to App'x 1 refer to the record in 16-525-cv. Citations to App'x 2 refer to the record in 15-3128-cv.

an order given plaintiff's acknowledged failure to notice Kase's deposition within the time frame ordered by the district court after repeated extensions of the discovery deadline. *See Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) (noting that district court has "broad discretion to direct and manage the pre-trial discovery process"). No different conclusion is warranted by the fact that the court permitted defendants to continue plaintiff's deposition after the discovery deadline, insofar as the postponements necessitating that continuance were sought by plaintiff's counsel. Thus, plaintiff is not entitled to relief from judgment based on the challenged protective order or denial of leave to amend.

b. Summary Judgment

Plaintiff argues that the award of summary judgment rests on the district court's erroneous conclusion that placement on paid administrative leave is not an adverse employment action. This court has held that "administrative leave with pay during the pendency of an investigation does not, without more, constitute an adverse employment action." *Joseph v. Leavitt*, 465 F.3d 87, 91 (2d Cir. 2006). At the same time, we recognize that paid suspension pending investigation can be adverse "if the employer takes actions beyond an employee's normal exposure to disciplinary policies." *Id.* at 92 n.1.

We need not pursue the point further, however, because the district court, in fact, did not rely on the lack of adverse action to grant summary judgment. Rather, it concluded that plaintiff had proffered insufficient evidence of similarly situated comparators to admit an inference of discriminatory purpose at the *prima facie* step of analysis. *See Ruiz v. County of Rockland*, 609 F.3d 486, 493–94 (2d Cir. 2010) (holding

5

that *prima facie* case of discrimination based on disparate treatment against employee requires some evidence that another employee was "engaged in comparable conduct" and was subject to similar "performance evaluation and discipline standards").  On *de novo* review, we agree that plaintiff failed to adduce admissible evidence showing that identified comparators were "similarly situated [to her] in all material respects."  *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997).  Not only did none of the cited comparators hold the position of principal, but also, most were accused of a single act of abuse, not the multiple acts charged to plaintiff, each of which was preserved on videotape. Like the district court, we further conclude that, even if plaintiff had carried her *prima facie* burden, she failed to adduce evidence that would allow a reasonable factfinder to conclude that, in the face of the serious (and documented) allegations of student abuse by plaintiff, defendants' actions in placing her on paid administrative leave pending investigation were a pretext for race discrimination.   Thus, summary judgment was correctly entered in favor of defendants on plaintiff's § 1983 claim of race discrimination.

Because plaintiff similarly failed to adduce evidence showing that the challenged leave was a pretext for retaliation, summary judgment was also warranted on that claim both under 42 U.S.C. § 1983 and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60 *et seq.*   *See, e.g.*, *Smith v. County of Suffolk*, 776 F.3d 114, 118 (2d Cir. 2015) (holding retaliation claim to require proof of adverse action and causal connection between protected activity and adverse action); *Commission on Human Rights & Opportunities v. Echo Hose Ambulance*, 156 Conn. App. 239, 249, 113

A.3d 463, 470 (2015) (stating that judicial interpretation of scope of CFEPA is guided by federal law).

The district court's decision not to exercise supplemental jurisdiction over plaintiff's further claim under Conn. Gen. Stat. § 31-51q fell within its discretion, particularly given that the Connecticut Constitution affords free speech protections distinct from the First Amendment. *See Trusz v. UBS Realty Inv'rs, LLC*, 319 Conn. 175, 192–93, 123 A.3d 1212, 1221 (2015); *see also Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014) (recognizing court's discretion to decline to exercise supplemental jurisdiction over novel or complex state claim after dismissal of claims supporting original jurisdiction).

Accordingly, we affirm the award of summary judgment in *Perez-Dickson I*.

2.      *Perez-Dickson II*

Plaintiff argues that the district court erred in dismissing her complaint in *Perez-Dickson II* as duplicative of the proposed fourth amended complaint that she was denied leave to file outside of the authorized period in *Perez-Dickson I*.   We agree as to those claims in *Perez-Dickson II* arising after the filing of the operative third amended complaint in *Perez-Dickson I*, *i.e.*, those pertaining to suspension without pay and alleged adverse actions after plaintiff's return to work following suspension.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative" of one already pending, but plaintiff is then entitled to file a new complaint as to "events arising after the filing of the complaint that formed the basis of the first lawsuit."   *Curtis v. Citibank, N.A.*, 226 F.3d at 138–39.   The district

7

court identified plaintiff's third amended complaint in *Perez-Dickson I* as the operative pleading in that action. Insofar as the complaint in *Perez-Dickson II* challenges plaintiff's placement on paid administrative leave pending investigation, it is duplicative of *Perez-Dickson I* and, thus, the district court acted within its discretion in ordering dismissal. But the suspension-without-pay and return-to-work challenges in *Perez-Dickson II* could not have been asserted in *Perez-Dickson I*'s third amended complaint because that pleading was filed on October 13, 2013, and these challenged actions did not occur until October 31, 2013, and thereafter.

To the extent plaintiff tried to raise these later claims in *Perez-Dickson I* through an untimely fourth amended complaint, we have already explained why the district court did not abuse its discretion in denying leave to amend. But, as this court has stated under similar circumstances, "denial of a motion to amend will not inevitably preclude subsequent litigation" of such claims. *Id.* at 139. "Only denial of leave to amend *on the merits* precludes subsequent litigation of the claims in the proposed amended complaint" that arose after filing of the operative complaint in the first action. *Id.* (emphasis in original). Here, as in *Curtis*, the denial of leave to file a further amended complaint was not based on the merits, "but rather on the procedural ground of untimeliness." *Id.*; *cf. Legnani v. Alitalia Linee Aeree Italiane, S.p.A.*, 400 F.3d 139, 141 (2d Cir. 2005) (reversing grant of summary judgment based on claim preclusion where district court had previously denied leave to add allegation of retaliatory discharge occurring after complaint was filed). In such circumstances, the district court could not dismiss *Perez-Dickson II*'s suspension-without-pay and return-to-work challenges as

duplicative of *Perez-Dickson I*. Accordingly, we vacate the dismissal of these claims and remand for further proceedings. In so doing, we express no view as to the sufficiency of plaintiff's pleadings, the merits of these claims, or the possibility of issue (as distinct from claim) preclusion.

3.    Conclusion

We have considered all of plaintiff's other arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court in its entirety in *Perez-Dickson I*, and in part in *Perez-Dickson II*; and we VACATE the judgment in *Perez-Dickson II* in part and REMAND for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court