Naramore v Mount Sinai Health Sys. Inc. (2022 NY Slip Op 03479)





Naramore v Mount Sinai Health Sys. Inc.


2022 NY Slip Op 03479


Decided on May 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2022

Before: Webber, J.P., Kern, Oing, Scarpulla, Pitt, JJ. 


Index No. 152989/20 Appeal No. 16041 Case No. 2022-00215 

[*1]Anne B. Naramore, Plaintiff-Respondent,
v
Mount Sinai Health System Inc. et al., Defendants-Appellants, John Does/Jane Does 1 through 10, Defendants.


Akerman LLP, New York (Brittany A. Buccellato of counsel), for appellants.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered December 16, 2021, which, to the extent appealed from, granted plaintiff's motion to compel defendants to respond to request number 34 as limited to "records relating to investigation of gender based discrimination since 2015-2019 at the hospital at issue" and request number 35 as limited to "records relating to lawsuits [alleging] gender based discrimination since 2015-2019 at the hospital at issue," unanimously modified, on the law and the facts, to further limit discovery to production of records relating to investigations and lawsuits involving the IT Department of defendant Mount Sinai, defendants Kraatz and Chatani, and Paul Gerstenberger, and otherwise affirmed, without costs.
CPLR 3101 calls for the full disclosure of all evidence material, and necessary in the prosecution or defense of an action. Plaintiff alleges gender discrimination, including disparate pay and treatment in violation of the New York City Human Rights Law that resulted in her termination from her position in Mount Sinai's IT Department. On review of the complaint, plaintiff's allegations focus on discriminatory behavior of defendants Kraatz and Chatani, as supervisors in the IT Department, and on one occasion, nonparty Gerstenberger, a recruiter. Plaintiff has failed to show that broader discovery of all investigations and litigation concerning gender discrimination throughout the 10 hospitals within Mount Sinai is warranted and therefore the scope of discovery is limited as indicated to those related to the IT Division of Mount Sinai, the individual defendants and Gerstenberg (see Curtis v Citibank, N.A. , 70 Fed Appx 20, 24 [2d Cir 2003]; Chen-Oster v Goldman, Sachs & Co., 293 FRD 557, 567 [SD NY 2013]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 31, 2022